UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EDWIN PACHECO and NICOLAS JONES,
on behalf of themselves and all
others similarly-situated,

                       Plaintiffs,

          -against-

THE BEVERAGE WORKS NY, INC., and
RICARDO VALENTINE, in his individual and
professional capacities,

                    Defendants.
-----------------------------------------------------------------------X

**COMPLAINT**

**Docket No.: 14-cv-5763**

Jury Trial Demanded

Plaintiffs, EDWIN PACHECO (hereinafter "Plaintiff Pacheco" or "Mr. Pacheco") and

NICOLAS JONES (hereinafter "Plaintiff Jones" or "Mr. Jones") (both, collectively, as

"Plaintiffs"), on behalf of themselves and all others similarly-situated (collectively as "FLSA

Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, Borrelli & Associates,

P.L.L.C., as and for their Complaint against THE BEVERAGE WORKS NY, LLC ("TBW"),

and RICARDO VALENTINE, in his individual and professional capacities ("Defendant

Valentine") (both, collectively, as "Defendants"), allege upon knowledge as to themselves and

their own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1.      This is a civil action for damages and equitable relief based upon violations that

the Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions

of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage

provisions, 29 U.S.C § 206(a); (iii) the overtime provisions of the New York Labor Law

1

("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, N.Y. Lab. Law § 652(1); (v) the NYLL, §§ 190, 191, and 663(1), which require that employers pay employees wages for all hours worked in accordance with their terms of employment; (vi) the requirement that employers furnish employees with wage statements containing specific categories of accurate information under the NYLL, § 195(3); and (vii) any other claims(s) that can be inferred from the facts set forth herein.

2.    Plaintiffs, employees of Defendants, bring the instant action as a result of the Defendants' blatant violations of the FLSA and NYLL by denying Plaintiffs, in various positions of employment with TBW, their statutorily-required minimum, straight-time and overtime wages on a weekly basis.

3.    Defendants required deliverymen ("deliverymen") to be at the TBW warehouse to begin work at or around 5:30 a.m. Defendants further required deliverymen to carry out approximately forty deliveries throughout the course of the day, and then subsequently return to the TBW warehouse only after they completed all deliveries. Lastly, Defendants required that deliverymen complete all necessary paperwork following their return, and thus worked past 6:00 p.m. and sometimes as late as 7:00 p.m. Deliverymen worked five days per week.

4.    Defendants required forklift operators ("operators") to be at the TBW warehouse to begin work at or around 2:00 p.m. Defendants required operators to work within the warehouse operating the forklifts to store cases of product and load the delivery trucks. Defendants required operators to work until around 10:30 p.m. without any lunch break, and often required them to work until around 11:30 p.m. without any lunch break. Operators worked five days per week.

5.      Although Plaintiffs routinely worked in excess of forty hours each week, the Defendants only compensated them for their first forty hours worked per week, and did not compensate them at any rate of pay for any hours that they worked per week in excess of forty – not at the minimum wage rate, not at the straight-time rates of pay, and not at the overtime rate of one and one-half times their straight time rates of pay, or one and one-half the minimum wage rate, if greater.  Additionally, Defendants failed to provide Plaintiffs with proper wage statements on each payday.

6.      Defendants treated all other non-managerial employees in this same manner.

7.      Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.

8.      Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

9.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

10.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

11.     Plaintiffs are residents of the State of New York and are "persons" and "employees" entitled to protection as defined by the FLSA and NYLL.

12.     Defendant TBW is a New Jersey corporation with its principal place of business located at 1800 Route 34 N, Suite 203, Wall, New Jersey 07719.

13.     Defendant TBW owns and operates and does business in three locations across the State of New York, including locations at 70 Hamilton Avenue, Pier 8, 2nd Floor, Brooklyn, New York 11231, and 16 Dubon Court, Farmingdale, New York 11735, where Plaintiffs worked.

14.     Defendant Valentine, warehouse manager of TBW, managed and supervised Plaintiffs during their employment periods with Defendants, by controlling the hours that the Plaintiffs were required to work and the rates and method of pay that TBW paid to Plaintiffs.

15.     Defendants are "employers" and "persons" within the meaning of the FLSA and NYLL.  Additionally, the Defendants' qualifying annual business exceeds $500,000 and the Defendants are engaged in interstate commerce within the meaning of the FLSA as they do substantial business across state lines, and by regularly handling and distributing products to a clientele that come from and travel to states other than New York, the combination of which subjects the Defendants to the FLSA's overtime requirements as an enterprise.  Furthermore, all of Defendants' employees, including Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs, are individually engaged in interstate commerce, as they all handle products and supplies that have been and continue to be moved in interstate commerce.  This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid minimum wages, overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on their own behalf as well as those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs").

17.     The Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were not paid at an amount equal to the minimum hourly required rate of pay per hour worked; were required to work in excess of forty hours each workweek; and were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

18.     At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay per hour for all hours worked, as well as the rate of one and one-half times their respective rates of pay for all hours worked each workweek above forty, yet they purposefully chose not to do so.

5

19.    Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wage and overtime compensation for all hours worked per workweek.

## RULE 23 CLASS ALLEGATIONS

20.    In addition, Plaintiffs seek to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on their own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, the Defendants subjected to violations of the NYLL and the NYCCRR.

21.    Under Fed. R. Civ. P. 23(b)(3), a plaintiff must plead that:

   a.   The class is so numerous that joinder is impracticable;

   b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c.   Claims or defenses of the representative are typical of the class;

   d.   The representative will fairly and adequately protect the class; and

   e.   A class action is superior to other methods of adjudication.

22.    The Rule 23 Class that Plaintiffs seek to identify includes:

Current and former employees of Defendants who performed any work for Defendants as non-managerial employees during the statutory period within the State of New York, who: (1) did not receive compensation at the legally-required minimum rate of pay for each hour worked; (2) worked in excess of forty hours per week without receiving overtime compensation; (3) were not paid straight time wages for each hour worked; and (4) were not issued accurate pay stubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3) ("Rule 23 Plaintiffs").

6

## Numerosity

23.    During the previous six years the Defendants have, in total, employed in excess of at least forty non-managerial employees that are putative members of this class.

## Common Questions of Law and Fact

24.    There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants denied Rule 23 Plaintiffs compensable time for all hours worked; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half their respective straight-time rates of pay for hours worked per week over forty or at the legally-prescribed minimum wage rate or their respective straight-time rates of pay for each hour worked; whether the Defendants paid the Rule 23 Plaintiffs in a timely manner; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour worked by the Rule 23 Plaintiffs; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' actions were in willful violation of the NYLL and supporting regulations; and if so, what the proper measure of damages is.

### Typicality of Claims and/or Defenses

25.    As described in the facts section below, the Defendants employed Plaintiffs as non-managerial, hourly workers who worked at Defendants' various locations. Plaintiffs' duties, hours, pay rate and pay structure were substantially similar to those of the Rule 23 Plaintiffs. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked, for Defendants at their New York State locations in excess of forty hours per week, as non-managerial employees, whom the Defendants paid at a set amount regardless of hours actually worked. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid the minimum wage and their straight-time rates of pay for each hour worked, time and one-half their straight-time rates for all hours worked in excess of forty, and to be furnished with accurate paystubs on each payday. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

26.    Plaintiffs, as described below, worked the same or similar hours throughout their employment with Defendants as the Rule 23 Plaintiffs. The Defendants did not pay Plaintiffs overtime pay for their hours worked over forty each week, or compensate Plaintiffs for all hours worked at the minimum wage rate or their respective straight-time rates, which is substantially-similarly to how the Defendants paid the Rule 23 Plaintiffs. Plaintiffs are no longer employed

with the Defendants, and thus have no fear of retribution for their testimony. Plaintiffs fully anticipate testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

Superiority

27.     Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least substantially-similarly, to the Rule 23 Plaintiffs.

28.     Any lawsuit brought by a non-managerial, hourly employee of the Defendants would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

29.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this method is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

## BACKGROUND FACTS

30.     TBW is the main distributor throughout New York of the energy drink Red Bull, including New York City and Long Island.

31.     TBW receives shipments of Red Bull from out of state, but remains solely responsible for the product's intended local destination once the product came into its possession.

32.     Defendant Mr. Valentine is the Warehouse Manager at TBW responsible for overseeing the day-to-day operations of all employees working for TBW locations in New York,

9

and who controls all aspects of the business with respect to the employees' pay, work assignments and work hours.

33. Throughout the time Defendants employed the Plaintiffs, as well as both before this time and continuing until today, Defendants have likewise employed other individuals than Plaintiffs in positions that required little skill and no capital investment, and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment.

34. The Defendants paid Plaintiffs on a weekly basis by check or direct deposit.

**Plaintiff Pacheco's Employment History With Defendants:**

35. Plaintiff Pacheco worked full-time for Defendants as a driver for approximately one year and nine months, from April of 2012 until January of 2014.

36. Throughout Plaintiff Pacheco's employment as a full-time employee with Defendants, the Defendants required Plaintiff Pacheco to work, and Plaintiff Pacheco did in fact work, five days per week, Mondays through Fridays, from anywhere between 5:30 a.m. to anywhere between 6:00 p.m. and 7:00 p.m. each day, without any break for lunch each day.

37. Specifically, from July 2, 2012 to July 6, 2012, Defendants required Plaintiff to work from 5:30 a.m. until 7:00 p.m. on each of those days, without any break for lunch each day.

38. Thus, adding up those hours, at all times throughout his employment as a full-time employee, the Defendants required Plaintiff Pacheco to work, and Plaintiff Pacheco did in fact work, a minimum of sixty-two and one-half hours per week. But as described above, Plaintiff sometimes worked as many as sixty-seven and one-half hours per week.

39. During Plaintiff Pacheco's employment period, although his paystubs show no hourly rate of pay, Defendants compensated Plaintiff Pacheco at a rate that amounts to $19.04

per hour for the first forty hours of work per week. The Defendants did not compensate Plaintiff Pacheco at any rate of pay, let alone the statutorily-required minimum wage or overtime rates of pay, or even his straight-time rate of pay, for any hours that Plaintiff Pacheco worked per week in excess of forty during this time period.

40.    On each occasion when they paid him, the Defendants failed to furnish Plaintiff Pacheco with accurate and/or complete wage statements as required by the NYLL, as every single wage statement provided by the Defendants to Plaintiff Pacheco failed to list Mr. Pacheco's overtime rate of pay, failed to accurately compute his gross wages using his overtime rate of pay, and failed to explain how Plaintiff Pacheco's wages were computed.

41.    During his employment with the Defendants, Plaintiff Pacheco's various duties included the following: driving, distributing cases of Red Bull; interacting with customers involving distribution; picking up defective cases of Red Bull along with empty cans, all within the State of New York; and completing other tasks for managers as instructed, such as emptying product from defective cans and other warehouse related activities.

42.    Defendants required Plaintiff Pacheco to deliver cases of Red Bull to customers at specific locations solely located in the State of New York on a manifest that they provided to Plaintiff Pacheco.

43.    At the beginning of a typical work day, Defendants would provide Plaintiff Pacheco with his driving assignments on the manifest for that day. These daily driving assignments alone routinely required Plaintiff Pacheco to work more than ten hours per day.

44.    TBW locally contracted with each customer on an independent basis throughout the State of New York controlling all orders and deliveries without the necessity of any authorization of another entity.

11

45. On certain days, sometimes as little as once a week, TBW required Plaintiff Pacheco to pick up cases containing defective product, or empty cans from certain locations in New York State on their manifest.

46. This duty was required only for about approximately two customers on their manifest.

47. TBW instructed Plaintiff Pacheco to load these cases onto their trucks, and bring them back to the TBW warehouse located in New York State.

48. At the TBW warehouse, TBW instructed Plaintiff Pacheco to empty product from the defective cans, and all empty cans were compacted at the warehouse located in New York State.

49. TBW sold the scrap metal to a separate and independent entity for credit.

**Plaintiff Jones's Employment History With Defendants:**

50. Plaintiff Jones worked full-time for Defendants as an operator for approximately three months from May 4, 2014 until August 4, 2014.

51. Throughout Plaintiff Jones's employment as a full-time employee with Defendants, the Defendants required Plaintiff Jones to work, and Plaintiff Jones did in fact work, five days per week, Mondays through Fridays, from anywhere between 2:00 p.m. to anywhere between 10:30 p.m. and 11:30 p.m. each day, without any break for lunch each day.

52. Specifically, during the week of May 26, 2014 through May 30, 2014, Defendants required Plaintiff Jones to work from 2:00 p.m. until 11:30 p.m. each day, without any break.

53. Thus, adding up those hours, at all times throughout his employment as a full-time employee, the Defendants required Plaintiff Jones to work, and Plaintiff Jones did in fact

12

work, a minimum of forty-two and one-half hours per week. But as described above, Plaintiff Jones sometimes worked as many as forty-seven and one-half hours per week.

54. During Plaintiff Jones's employment period, although his paystubs show no hourly rate of pay, Defendants compensated Plaintiff at a rate that amounts to $13.00 per hour for the first forty hours of work per week. The Defendants did not compensate Plaintiff Jones at any rate of pay, let alone the statutorily-required minimum wage or overtime rates of pay, or his straight-time rate of pay, for any hours that Plaintiff Jones worked per week in excess of forty during this time period.

55. On each occasion when they paid him, the Defendants failed to furnish Plaintiff Jones with accurate and/or complete wage statements as required by the NYLL, as every single wage statement that the Defendants provided to Plaintiff Jones failed to list Mr. Jones's overtime rate of pay, failed to accurately compute his gross wages using his overtime rate of pay, and failed to explain how Mr. Jones's wages were computed.

56. The Defendants paid and treated all of their non-managerial workers in the same manner.

57. Defendants did not record and did not permit Plaintiff and FLSA Plaintiffs to record all of their hours worked.

58. Defendants acted in this reckless manner in an effort to maximize their profits and minimize labor costs.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

63. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times the regular rate for any hours worked exceeding forty in a workweek.

65.     As described above, the Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

66.     As also described above, Plaintiffs and FLSA Plaintiffs frequently worked in excess of forty hours each week, yet the Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

67.     The Defendants' actions were in willful violation of the FLSA.

68.     Plaintiffs and FLSA Plaintiffs are entitled to the difference between those amounts that the Defendants paid to them and that which they were legally due under the FLSA's overtime provisions.

69.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the FLSA*

70.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

72.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

73.     As also described above, Defendants did not compensate Plaintiffs and FLSA Plaintiffs for all hours worked at the minimum hourly rate required by the FLSA.

74.     Defendants' actions were in willful violation of the FLSA.

75.     Plaintiffs and FLSA Plaintiffs are entitled to the difference between those amounts that Defendants paid to them and that which they were legally due under the FLSA's minimum wage provisions.

76.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and NYCCRR*

77.     Plaintiffs and Rule 23 Plaintiffs, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78.     NYLL § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

79.     As described above, Defendants are employers within the meaning of the NYLL while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

80.     As also described above, Plaintiffs and Rule 23 Plaintiffs frequently worked in excess of forty hours each week, yet Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

81.     Defendants' actions were in willful violation of the NYLL and NYCCRR.

82.     Plaintiffs and Rule 23 Plaintiffs are entitled to the difference between those amounts that Defendants paid to them and that which they were legally due under the NYLL's and NYCCRR's overtime provisions.

15

83.    Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest for Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Minimum Wage Violations of the NYLL*

84.    Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85.    NYLL § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked.

86.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

87.    As also described above, Defendants did not compensate Plaintiffs and Rule 23 Plaintiffs for all hours worked at the minimum hourly rate required by the NYLL.

**FIFTH CLAIM OF RELIEF AGAINST DEFENDANTS**
*Failure to Pay Wages in Violation of the NYLL*

88.    Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

89.    NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

90.    Defendants failed to compensate Plaintiffs at their regular rates of pay for each hour that they worked in accordance with their terms of employment.

91.    Defendants' actions were in willful violation of the NYLL.

92.    Plaintiffs are entitled to recover, at their respective regular rates of pay, for all hours that they worked for Defendants but for which they were not compensated.

93.     Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for Defendants' failure to pay Plaintiffs their wages in accordance with the agreed terms of employment.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

94.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

95.     NYLL § 195 requires that employers provide specific notices to their employees and furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

96.     As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

97.     Pursuant to NYLL § 198(1-d), the Defendants are liable to Plaintiffs and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort.

98.     For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiffs and Rule 23 Plaintiffs for liquidated damages and attorneys' fees.

### DEMAND FOR A JURY TRIAL

99.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs demand a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

    a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws.

17

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against any individual for participating in this lawsuit in any form;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

f.      All damages that Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.      Awarding Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable

18

attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiffs;

i.  Designation of Plaintiffs and their counsel as class/collective action representatives under the FLSA and Federal Rules of Civil Procedure;

j.  Pre-judgment and post-judgment interest, as provided by law;

k.  Granting Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
       October 1, 2014

Respectfully submitted,
BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
JEFFREY R. MAGUIRE, ESQ. (JM 4821)
ALEXANDER T. COLEMAN, ESQ. (AC 8151)
MICHAEL J. BORRELLI, ESQ. (MB 8533)