UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------

EDWIN PACHECO and NICOLAS JONES,          :          Civil Action File No.
on behalf of themselves and all others similarly-
situated,                                  :          14-cv-5763(DLI) (MDG)

      Plaintiffs,                          :

v.

THE BEVERAGE WORKS NY, INC., and           :
RICARDO VALENTINE, in his individual and
professional capabilities,                 :

      Defendants.                          :

---------------------------------------------------------------------------


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CASE AND TO COMPEL ARBITRATION AND TO BAR PLAINTIFFS FROM PROCEEDING ON A CLASS OR COLLECTIVE BASIS


JASINSKI, P.C.
60 Park Place, 8th Floor
Newark, NJ  07102
(T) 973-824-9700
(F) 973-824-6061
*Attorneys for Defendants*
*The Beverage Works NY, Inc.*
*and Ricardo Valentine*


Of Counsel:
David F. Jasinski, Esq.

On the Brief:
Peter P. Perla, Jr., Esq.
Susan Burns, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ........................................................................................2

PROCEDURAL HISTORY ......................................................................................6

LEGAL ARGUMENT ............................................................................................7

I.   Standard of Review ......................................................................................7

II.  Collective Bargaining Agreement and Employee Handbook Provisions
     That Require Arbitration of FLSA and NYLL Claims are Valid and Enforceable .........8

     A.  Courts Readily Enforce Contract Provisions in
         Collective Bargaining Agreements Requiring Arbitration .......................................10

     B.  Courts Also Enforce Arbitration Provisions Contained in Employee Handbooks ....11

III. Plaintiffs' Claims Are Also Precluded From Proceeding On A Collective Or
     Class Basis by the Arbitration Provision .........................................................12

IV.  Our Courts Favor A Stay of the Proceedings...................................................13

CONCLUSION..................................................................................14

i

## TABLE OF AUTHORITIES

**Cases:**

14 Penn Plaza LLC v. Pyett, 556 U.S. 247, S.Ct. 1456 (2009) ..............................................10

AT&T Mobility, LLC v. Concepcion, 131 S.Ct. 1740 (2011) .............................................8

Babcock v. Butler County, 2012 WL 1655737 (W.D.P.A., May 10, 2012)..........................10

Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003) .................................................7

Cohen v. UBS Fin. Serv., Inc., 2012 W.L. 6041634 (S.D.N.Y. Dec. 4, 2012) ....................13

Dixon v. NBC Universal Media, LLC, 947 F.2d 390 (S.D.N.Y. 2013) ................................11,12

Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840 (2d Cir. 1987) ..............................8

Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991) ............................................9

Gonzalez v. Toscorp, Inc., No. 97 Civ. 8158, 1999 WL 595632 (S.D.N.Y. Aug. 5, 1999)..12

Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79 (2000)......................................7

Grenawalt V. AT&T Mobility, LLC., 937 F. Supp2d 438 (S.D.N.Y. 2013).........................9

Guida v. Home Savings of America, Inc., 793 F. Supp.2d 611 (E.D.N.Y. 2011) ................13,14

Hodges v. All Transit, LLC, 2014 WL 537748 (Feb. 7, 2014 E.D.N.Y.) .............................9,10,11

LaVoice v. UBS Fin. Servs., Inc., 2012 WL 124590 (S.D.N.Y. Jan. 13, 2012)....................7,9,13

Lloyd v. JP Morgan Chase & Co., 2013 WL 4828588 (Sept. 9, 2013 S.D.N.Y.) .................9

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985)...............9

Nunez v. Citibank, N.A., 2009 WL 256107 (S.D.N.Y. Feb. 3, 2009)...................................7

Salim Oleo-chemicals v. M/V Shropshire, 278 F.3d 90 (2d Cir. 2002) ...............................13

Salzano v. Lace Entertainment, 2014 WL 3583195 (S.D.N.Y. July 18, 2014) .....................9

Schapp v. Mastec Services, Inc., 2014 WL 1311937 (N.D.N.Y. March 31, 2014)..............12

ii

Sutherland v. Ernst & Young, LLP, 768 F.Supp 2d 547 (S.D.N.Y. 2011)...........................7,9,12

Torres v. United Healthcare Services, Inc., 920 F.Supp 2d 368 (E.D.N.Y. 2013)..............7,8,9,13


**Statutes:**

Federal Arbitration Act...............................................................................................8


**Rules:**

Federal Rule of Civil Procedure 12(b)6....................................................................6

## PRELIMINARY STATEMENT

Plaintiffs are former employees of Defendant, The Beverage Works NY, Inc. ("Beverage Works" or "the Employer"). While employed at Beverage Works, Plaintiffs were members of the Local 713, IBOTU, IUJAT Union ("Union"), which is the exclusive bargaining unit for Plaintiffs as well as certain other Beverage Works employees. Plaintiffs' employment was governed by a negotiated agreement between Beverage Works and the Union ("CBA" or "Agreement") as well The Beverage Works' Employee Handbook ("Employee Handbook") which is explicitly incorporated into and made a part of the CBA.

In their Complaint, Plaintiffs allege they were not paid minimum wages and overtime and not given proper earning statements in violation of the Fair Labor Standards Act ("FLSA"), New York Labor Laws ("NYLL") and the New York State Rules and Regulations ("NYCRR")[1]. However, the CBA and the Employee Handbook specifically require Plaintiffs to arbitrate all disputes arising under the CBA, as well as all federal and state law claims including, but not limited to, wage and hour claims. These provisions also preclude Plaintiffs from filing any collective or class proceedings as they have done here.

In disregard of the CBA and Employee Handbook arbitration provisions, Plaintiffs have filed this legal action and sought to proceed on a class and collective basis rather than individually arbitrate their disputes. Defendants have demanded that Plaintiffs arbitrate these claims.[2] Therefore, Defendants file this Motion seeking an order compelling arbitration on an individual basis and to stay this matter pending the completion of arbitration, or in the alternative for an order dismissing the matter and compelling arbitration of Plaintiffs' claims on an individual basis.

---

[1] Pled as "N.Y. Comp. Codes R. & Regs. ("NYCCRR")."

[2] Defendant "The Beverage Works NY, Inc." and Defendant "Ricardo Valentine" are hereinafter collectively referred to as "Defendants."

**STATEMENT OF FACTS**

Defendant, Beverage Works, is a New Jersey Corporation located in Monmouth County, New Jersey, that engages in the sale and distribution of Red Bull beverage products in the five boroughs of the New York metropolitan area, Long Island, and northern and central New Jersey. Brown Cert. ¶ 2.[3]  Ricardo Valentine is an employee of Beverage Works.  Brown Cert. ¶3.

All of the Plaintiffs (named and opt-ins) were employed by Beverage Works as delivery drivers except Plaintiff, Nicolas Jones, who served as a warehouseman.  Brown Cert. ¶ 6 and 7.[4] Beverage Works and the Union are parties to a collective bargaining agreement which provides that it is the sole and collective bargaining agent of sales representatives, sales drivers, warehouse and delivery employees of Beverage Works.  Brown Cert. ¶5.   Thus, the terms and conditions of employment are governed by the negotiated agreement between Beverage Works and the Union, as well as Beverage Works Employee Handbook, which is expressly incorporated into and made a part of the CBA.  Brown Cert. ¶8.

The CBA contains several key provisions.  In that light, the Parties acknowledge the CBA was "bargained collectively" and that they had mutually "reached an Agreement upon terms and conditions of employment under which the . . . employees shall work."  Brown Cert. ¶4, Exhibit A.  The CBA also sets forth the wages for hourly employees and provides that hourly workers included in the collective bargaining unit shall be paid time and a half for hours worked over forty (40) hours per week. Brown Cert. ¶9.

---

[3] Jeffrey C. Brown is the Vice President of Operations of Beverage Works.  References to the Certification of Mr. Brown in Support of Defendants' Motion are hereinafter referred to as "Brown Cert. ¶___."

[4] Notably, Mr. Torres-Soto's claims are barred by the statute of limitations and, nothing set forth in these papers, is intended to waive that defense.

The CBA also contains provisions distinctive to sales and delivery representatives. In that respect, the CBA "recognize[s] the unique position of the sales and delivery representative and its independence in performing its responsibilities." Brown Cert. ¶11. Thus, the CBA provides that sales and delivery representatives shall be paid for completing their assigned route, which route is designed to be completed in an eight hour day. Brown Cert. ¶12. The CBA further reads that if a route is taking more or less time to complete, "the employee will notify his supervisor and the supervisor, upon confirming the length of time will adjust the route up or down to ensure the route can be completed in eight hours." Brown Cert. ¶13.

The CBA also contains a Grievance and Arbitration provision wherein the Parties agreed that "[a]ny dispute between the Union and [Beverage Works] arising out of or under [the CBA]" shall be subject to arbitration. Brown Cert. ¶. Thus, the CBA expressly requires Plaintiffs to arbitrate their claims asserted in this lawsuit as each of their claims involve an interpretation of their rights under the CBA. Brown Cert. ¶ 14 and 15, Exhibit A.

However, the Plaintiffs' obligation to arbitrate their dispute does not end there. In that regard, the parties collectively negotiated and agreed to be bound by the terms and conditions of the Employee Handbook. Specifically, the CBA, Section 3 of Article XX provides:

> The **parties recognize** The Beverage Works' right to promulgate and modify **and enforce** an Employee Handbook **including rules and regulations which the Union acknowledges and agrees <u>all employees will be required to follow and bound by</u>**. Brown Cert. ¶15, Exhibit A. (Emphasis added).

As with the CBA, the Employee Handbook[5] also contains an arbitration policy that the Union and all employees agreed to adhere to:

> "<u>A. STATEMENT OF INTENT</u>

---

[5] The Employee Handbook is also referenced and incorporated in ARTICLE XXIV of the CBA.

3

The Beverage Works NY, Inc. ("Beverage Works") acknowledges that disagreements may arise between an individual employee and Beverage Works or between employees in a context that involves Beverage Works. Beverage Works believes that the resolution of such disagreements is best accomplished through internal dispute resolution procedures such as those set forth in the Discrimination and Harassment policy in The Beverage Works Employee Handbook ("IDR'), and where that fails, **by arbitration administered by the American Arbitration Association ("AAA").** Employees and Beverage Works benefit from the use of private arbitration because it usually results in quicker, less costly resolution of disagreements that litigation in state or federal courts. For these reasons, Beverage Works has adopted this Employment Arbitration Policy ("Policy"). This Policy is a binding contract between Beverage Works and its employees.

Acceptance of employment or continuation of employment with Beverage Works is deemed to be acceptance of this Policy. However, this Policy is not a promise that employment will continue for any specified period of time or end only under certain conditions. Employment at Beverage Works is a voluntary (at will) relationship existing for no definite period of time and this Policy does not change that relationship.

B.  SCOPE OF POLICY

The agreement between each individual employee and Beverage Works to be bound by the Policy creates a contract requiring both parties to resolve most employment-related disputes (excluded disputes are listed below) that are based on a legal claim through final and binding arbitration.

**Arbitration is the exclusive forum for the solution of such disputes, and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under the Policy.**  The disputes covered under this Policy include any dispute between an employee and any other person where:  (1) the employee seeks to hold Beverage Works liable on account of the other person's conduct, or (2) the other person is also covered by this Policy and the dispute arises from or relates to employment, including termination of employment with Beverage Works. **The disputes covered under this Policy also include any dispute Beverage Works might have with a current or former employee which arises or relates to employment.**

. . .

A dispute is based on a legal claim and is subject to this Policy if it arises from or involves **a claim under any federal, state or local statute, ordinance, regulation or common law doctrine** regarding or relating to employment discrimination, **terms and conditions of employment**, or termination of employment including, but not limited to the following:  Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866 and 1991, the Equal Pay Act of

4

1963, Section 1981 of the Civil Rights Act, the Workers' Adjustment and Retraining Notification Act, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Uniformed Services Employment and Reemployment Act of 1994, **the Fair Labor Standards Act of 1938**, the Sarbanes-Oxley Act of 2002, the New Jersey Family Leave Act, the New Jersey Law Against Discrimination, the New Jersey statutory provisions regarding retaliation/discrimination for filing a workers' compensation claim, the New Jersey Conscientious Employee Protection Act and all applicable amendments and regulations; any whistleblower or retaliation claims; breach of contract, or promissory estoppel, or any other contract claim and defamation, employment negligence, or any other tort claim.

The following claims are not subject to arbitration under this Policy: (1) any criminal complaint or proceeding; (2) any claim covered by state unemployment insurance and/or state workers' compensation benefit laws, except that claims for retaliation pursuant to these laws shall be subject to arbitration under this Policy; (3) any claim under the National Labor Relations Act; and (4) claims for benefits under a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Any dispute covered by this Policy will be arbitrated on an individual basis. **No dispute between an employee and Beverage Works may be consolidated or joined with a dispute between any other employee and Beverage Works, nor may an individual employee seek to bring his/her dispute on behalf of other employees as a class or collective action.** Any arbitration ruling by an arbitrator consolidating the disputes of two or more employees or allowing class or collective action arbitration would be contrary to the intent of this Policy and would be subject to immediate judicial review.

. . .

Brown Cert. ¶, Exhibit B. (Emphasis added).

As with the CBA, the arbitration provision in the Employee Handbook also requires Plaintiffs to arbitrate their federal and state wage and hour claims. Plaintiffs did not follow the terms of these agreements to arbitrate and instead filed the instant lawsuit. (Docket No. 1).

As such, Defendants sent individual demands for arbitration to all Plaintiffs. Jasinski Cert. ¶3, Exhibit A.[6] For these reasons, Defendants move to compel arbitration of Plaintiffs' claims pursuant to the negotiated language set forth in the CBA as well as the Employee Handbook.

---

[6] References to the Certification of David F. Jasinski, Esq. in Support of Defendants' Motion are hereinafter referred to as "Jasinski Cert. ¶___."

## PROCEDURAL HISTORY

On October 1, 1014, the named Plaintiffs filed their Complaint. (Docket Entry # 1). On October 27, 2014 an Order was entered by the Court extending Defendants' time to answer or otherwise respond to the Complaint to December 3, 2014. Defendants now file the within motion in lieu of an answer pursuant to Federal Rule of Civil Procedure 12(b)6 and the Federal Arbitration Act seeking a stay or dismissal of the Complaint and the entry of an order compelling Plaintiffs (named and opt-ins) to arbitrate their claims.

## LEGAL ARGUMENT

**I.      Standard of Review.**

In determining a motion to compel arbitration, the Court applies the standard similar to the standard for summary judgment.  Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003).  In evaluating the present Motion, the Court may properly consider extrinsic evidence submitted by the parties as well as the allegations in the Complaint.  See Sutherland v. Ernst & Young, LLP, 768 F.Supp 2d 547, 548 n.1 (S.D.N.Y. 2011).

Thus, "[a] motion to compel arbitration may be granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."   Torres v. United Healthcare Services, Inc., 920 F.Supp 2d 368 (E.D.N.Y. 2013), citing LaVoice v. UBS Fin. Servs., Inc., 2012 WL 124590, at *2 (S.D.N.Y. Jan. 13, 2012) (internal quotation marks omitted).  "'A party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration.'" Id. (quoting Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 91, 121 S.Ct. 513, 148 L.Ed2d 373 (2000)).  "Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitration." Torres v. United Healthcare Services, Inc., supra., citing Nunez v. Citibank, N.A., 2009 WL 256107, at *2 (S.D.N.Y. Feb. 3, 2009).

**II.    Collective Bargaining Agreement and Employee Handbook Provisions That Require Arbitration of FLSA and NYLL Claims are Valid and Enforceable.**

The Federal Arbitration Act ("FAA") provides, in relevant part:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.  9 U.S.C. § 2.

"By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840, 844 (2d Cir. 1987).  The Supreme Court has "described this provision as reflecting both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract."  Torres v. United Health Care, supra. citing AT&T Mobility, LLC v. Concepcion, 131 S.Ct. 1740 at 1745 (2011) (internal citations and quotation marks omitted).  "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms."  Torres v. United Health Care, supra. citing AT&T Mobility, LLC v. Concepcion, 131 S.Ct. 1740 at 1745-46 (internal citations omitted).

To decide a motion to compel arbitration of claims pursuant to the FAA, the Court must: (1) "determine whether the parties agreed to arbitrate," (2) "determine the scope of that agreement," (3) "if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable," and (4) "if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then determine whether to stay the balance of the proceedings pending arbitration,"  Torres v. United Healthcare, supra., citing Genesco Inc, v. T. Kaibuchi  supra. 85 F.2d at 884.

8

The Supreme Court has recognized that "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute, it only submits to their resolution in an arbitral, rather than a judicial, forum," Torres v. United Healthcare, supra., citing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). It is well settled that federal statutory claims can be the subject of arbitration. Lloyd v. JP Morgan Chase & Co., 2013 WL 4828588 (Sept. 9, 2013 S.D.N.Y.) ).

Specifically, FLSA claims are subject to arbitration. Hodges v. All Transit, LLC, 2014 WL 537748 (Feb. 7, 2014 E.D.N.Y.). See also Salzano v. Lace Entertainment 2014 WL 3583195 (S.D.N.Y. July 18, 2014) (holding there is no legislative prescription barring arbitration of NYLL and FSLA claims and finding that an arbitration clause in an expired contract, providing that all disputes arising from a lease shall be determined by binding arbitration, required the plaintiffs to arbitrate their FLSA and NYLL claims); Grenawalt V. AT&T Mobility, LLC. 937 F. Supp2d 438 (S.D.N.Y. 2013) (finding that security guards' claims under the FLSA fell within the broad arbitration provision contained in the security guard's service contract between the general contractor and its subcontractor) and LaVoice V. UBS Financial Services Inc. 2013 WL 5380759 (S.D.N.Y. September 26, 2013) (compelling arbitration of FLSA and NYLL claims on an individual versus collective basis).

The FLSA does not include a contra congressional command that prevents arbitration agreements from being enforced by their terms. LaVoice v. UBS Financial Services, Inc., 2013 WL 5380759, (Sept. 26, 2013 S.D.N.Y.) citing Sutherland v. Ernst & Young, LLP. Similarly, contract provisions requiring arbitration of NYLL claims will be enforced. See Salzano v. Lace Entertainment supra. LaVoice V. UBS Financial Services Inc. supra.

9

Here, arbitration is mandated for two reasons. First, Plaintiffs are required to arbitrate their claims pursuant to the CBA. Second, Plaintiffs are required to arbitrate their claims pursuant to the Employee Handbook which is also incorporated into and made part of the CBA. Hence, each of these reasons independently require dismissal or a stay of this lawsuit and an order compelling arbitration.

**A.      Courts Readily Enforce Contract Provisions in Collective Bargaining Agreements Requiring Arbitration.**

Clauses within collective bargaining agreements that require arbitration of FLSA and New York Labor Law claims are fully enforceable. In that light, a CBA provision which clearly and unmistakably requires its members to arbitrate [federal statutory] claims is enforceable as a matter of law. Hodges v. All Transit, supra. at *1 citing 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 274, 129 S.Ct. 1456 (2009).

In Hodges, the Court found that the arbitration clause set forth in a collective bargaining agreement clearly and unmistakably required arbitration of plaintiff's FLSA and NYLL claims, notwithstanding the lack of a specific reference to the FLSA or NYLL. The arbitration clause the court enforced in dismissing plaintiff's pending claims provided that all "complaints, controversies, disputes or grievances… by and between the employee and the company  relating to wages, hours, working conditions or involving the interpretation, operation, or application of the collective bargaining agreement would be resolved through arbitration." In rendering its Opinion, the Hodges' court relied upon the expansive reasoning in Babcock v. Butler County, 2012 WL 1655737 at 4 (W.D.P.A., May 10, 2012) finding the arbitration requirement was not limited to those disputes merely arising out of the interpretation of the CBA.

Here, the Union, the Employees (collectively), and the Employer, mutually agreed to arbitrate any and all disputes "arising out of or under [the CBA]." Brown Cert. ¶ 14. Plaintiffs'

10

lawsuit involves a dispute between the Employer and the Employee (Plaintiffs) over total hours worked. The CBA provides for paid time and a half for hours worked over forty (40); affirms details concerning the expected hours for completion of delivery routes; and sets forth specific procedures to follow in the event that a route takes more or less than 8 hours to complete. Brown Cert. ¶ 12 and 13. As such, the ultimate resolution of this lawsuit will involve and rely exclusively on an interpretation of these terms and conditions in the CBA and must be resolved by arbitration as agreed to when the Parties collectively negotiated this Agreement.

The Parties also mutually agreed to incorporate the Employee Handbook into the CBA further broadening the scope of arbitral claims to include all state and federal claims. Thus, Plaintiffs' are compelled to arbitrate not only because the ultimate adjudication of their claims requires the interpretation and enforcement of the CBA, but also because their allegations assert violations of state and federal wage and hour laws which are specifically required to be arbitrated pursuant to the Employee Handbook.

**B.    Courts Also Enforce Arbitration Provisions Contained in Employee Handbooks.**

Here, the Employee Handbook undeniably provides that wage and hour claims, including those under the Fair Labor Standards Act, are subject to arbitration. The Employee Manual, which is specifically referenced and incorporated into the CBA, contains an even broader arbitration clause than the one enforced in Hodges as it requires the arbitration of all employee disputes involving state and federal claims. Furthermore, unlike Hodges, the Beverage Works arbitration clause goes even further by specifically identifying FLSA claims as claims that must be arbitrated. As such, Defendants' Motion must be granted for this additional reason.

Employee handbooks which compel arbitration, even those never signed, standing alone are fully enforceable. See Dixon v. NBC Universal Media, LLC, 947 F.2d 390, (S.D.N.Y. 2013).

11

In <u>Dixon</u>, the employee was sent an email which contained a link to the employee manual. The employee manual required arbitration of all claims, including class or collective actions. The Court in <u>Dixon</u> found that the plaintiff was bound by the arbitration provision in the employee manual despite the fact that she never signed it and claimed she had never read it. Thus, the plaintiff was required to submit her FLSA claims to arbitration. <u>See also Schapp v. Mastec Services, Inc.</u>, 2014 WL 1311937 (N.D.N.Y. March 31, 2014) (compelling arbitration based on a disputed resolution policy in the handbook of FLSA and New York State Labor Employment Law claims). Similarly, in <u>Gonzalez v. Toscorp, Inc.</u>, No. 97 Civ. 8158, 1999 WL 595632, at *2 (S.D.N.Y. Aug. 5, 1999), an employee was bound by an arbitration agreement when he received a policy and handbook, even though he never signed the acknowledgment of receipt.

In this matter, the arbitration provision in the Employee Manual standing alone, and as incorporated as part of the CBA, requires arbitration of Plaintiffs' claims. Respectfully, the instant Motion must be granted.

**III.    Plaintiffs' Claims Are Also Precluded From Proceeding On A Collective Or Class Basis by the Arbitration Provision.**

In the instant case, the Employee Handbook specifically provides that:

> **No dispute between an employee and Beverage Works may be consolidated or joined with a dispute between any other employee and Beverage Works, nor may an individual employee seek to bring his/her dispute on behalf of other employees as a class or collective action.** Any arbitration ruling by an arbitrator consolidating the disputes of two or more employees or allowing class or collective action arbitration would be contrary to the intent of this Policy and would be subject to immediate judicial review.
>
> . . .
>
> Brown Cert. ¶18, Exhibit B. (Emphasis added).

The Second Circuit has held that an employee's right to proceed collectively under the FLSA may be waived pursuant to an arbitration agreement. <u>See Sutherland v. Ernst & Young,</u>

12

LLP, 12-304cb, 2013 WL 4033844 at *4-5 (2d Cir. Aug. 10, 1998). This ruling was recently reaffirmed in the Eastern District of New York.

In Torres v. United Healthcare, supra., this Court held that not only were FLSA claims subject to arbitration, but that a provision in the arbitration agreement waiving the employee's right to proceed on a class or collective basis in arbitration also was enforceable. In Torres v. United Healthcare, supra. at 376, the court noted that, as a matter of first impression, an employment arbitration agreement's collective action waiver did not prevent employees from vindicating their rights under FLSA. In addressing the enforceability of class and collective action waivers, the Court reasoned that the FLSA and the National Labor Relations Act did not preclude such provisions. Torres v. United Healthcare, supra. at 377. See also Cohen v. UBS Fin. Serv., Inc., 2012 W.L. 6041634 at *4 (S.D.N.Y. Dec. 4, 2012) (class action waivers are not *per se* unenforceable) and La Voice v. UBS Fin. Servs., Inc., 2012 W.L. 124590 at *6 (S.D.N.Y. Jan. 13, 2012).

Thus, this Court has confirmed the enforceability of arbitration provisions waiving collective and class actions as, respectfully, it must do so now.

IV.     **Our Courts Favor A Stay of the Proceedings**.

The District Court can exercise its discretion to stay the proceedings or can conclude that the litigation should be dismissed. Guida v. Home Savings of America, Inc., 793 F. Supp.2d 611 (E.D.N.Y. 2011) citing Salim Oleo-chemicals v. M/V Shropshire, 278 F.3d 90, 92-93 (2d Cir. 2002). As noted by the Court in Guida:

> A decision to dismiss has implications for the speed with which the arbitration of the dispute may begin because a dismissal is reviewable by an appellate court under Section 16(a) (3) of the FAA, whereas a stay is an unappeable interlocutory order under Section 16(b). Staying the action is, therefore, more likely to allow the matter to proceed to arbitration in an expeditious manner. The Second Circuit urges courts deciding whether to dismiss or stay litigation when referring a matter to arbitration

13

to 'be mindful of this liberal federal policy favoring arbitration agreements' and consider that '[u]nnecessary delay of the arbitral process through appellate review is disfavored.' Guida at 620 supra. (other citations omitted).

In Guida, although the Court held that while some courts elect to dismiss the action, the more appropriate action in this case would be to stay the proceedings and compel arbitration, particularly for expeditious resolution of the dispute. In accordance with this holding, this Court should enter an order compelling arbitration on an individual basis and staying the matter pending the completion of arbitration or, in the alternative, to enter an order compelling arbitration on an individual basis and dismissing the Complaint.

## **CONCLUSION**

In conclusion, and for the reasons set forth above, Defendants respectfully request that the Court enter an order compelling arbitration on individual basis, and either staying or dismissing the within action.

Dated: December 2, 2014
      Newark, New Jersey

Respectfully submitted,

JASINSKI, P.C.
*Attorneys for Defendants*
*The Beverage Works NY, Inc. and*
*Ricardo Valentine*

By: /s/  David F. Jasinski
    DAVID F. JASINSKI
    Sixty Park Place, 8th Floor
    Newark, New Jersey  07102
    Telephone: (973) 824-9700
    Facsimile: (973) 824-6061
    djasinski@jplawfirm.com